UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No.   CV 16-03703-DMG (KS)                                              Date: June 10, 2016

Title   *Anthony Romoan Collins v. People of the State of California*

Present: The Honorable:   Karen L. Stevenson, United States Magistrate Judge

| Roxanne Horan-Walker | |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |

**Proceedings: (IN CHAMBERS) ORDER TO SHOW CAUSE RE: DISMISSAL OF HABEAS PETITION**

On May 26, 2016, Anthony Romoan Collins ("Petitioner"), a pretrial detainee in Los Angeles County custody who is proceeding *pro se*, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 ("Petition"). (Dkt. No.1.)

As grounds for relief, Petitioner's filing offers three similar insufficiency of evidence claims. Specifically, Petitioner alleges that there is insufficient evidence as a matter of law to charge him with Cal. Penal Code § 215 (carjacking), Cal. Penal Code § 209.5 (kidnapping during commission of a carjacking), and/or causing great bodily injury. (Petition at 6-7.)

"[T]he general grant of habeas authority in Section 2241 is available for challenges by a state prisoner who is *not in custody pursuant to a state court judgment* [such as] a defendant in pre-trial detention[.]" *Stow v. Murashige*, 389 F.3d 880, 886 (9th Cir. 2004) (emphasis added) (quoting *White v. Lambert*, 370 F.3d 1002, 1006 (9th Cir. 2004)) (holding that a pretrial detainee's request for federal habeas relief under 2241(c)(3) is properly brought). Thus, because Petitioner has not yet sustained a state court conviction in the pending criminal case, Section 2241 governs this case.

However, "[a]s an exercise of judicial restraint, … federal courts elect not to entertain habeas corpus challenges to state court proceedings until habeas petitioners have exhausted state avenues for raising [a] federal claim." *Carden v. Montana*, 626 F.2d 82, 83 (9th Cir. 1980). For reasons of federalism and comity, *i.e.*, proper respect for state functions, federal courts abstain

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV 16-03703-DMG (KS)                                           Date: June 10, 2016

Title   *Anthony Romoan Collins v. People of the State of California*

from interrupting state judicial proceedings. *Younger v. Harris*, 401 U.S. 37, 43-44 (1971). This is known as the *Younger* abstention doctrine ("*Younger*"). Federal courts abstain from interrupting state judicial proceedings if the proceedings (1) are ongoing, (2) implicate important state interests, and (3) afford an adequate opportunity to raise federal questions. *Middlesex County Ethics Comm'n v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982). If these elements are met, the federal court will abstain under *Younger*.

Here, all the elements for abstention under *Younger* are satisfied. First, Petitioner's proceeding is ongoing. Second, Petitioner's claims involve California's important state interest in the order and integrity of its criminal proceedings. *See Kelly v. Robinson*, 479 U.S. 36, 49 (1986) ("the States' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief"); *see also Middlesex*, 457 U.S. at 432 ("Proceedings necessary for the vindication of important state policies or for the functioning of the state judicial system also evidence the state's substantial interest in the litigation."). Finally, Petitioner has an adequate opportunity to raise his federal claims in state court, either at the trial or appellate level. There is nothing to prevent him from doing so. Therefore, *Younger* applies, and this Court must abstain.

There are exceptions to *Younger* in special or extraordinary circumstances that allow the federal courts to grant federal habeas relief despite ongoing state judicial proceedings. *Younger*, 401 U.S. at 45. However, to qualify for an exception to *Younger*, Petitioner must show: (1) that he would suffer irreparable harm that is "both great and immediate" if the federal court declines jurisdiction; (2) that there is bad faith or harassment, on the part of California, in prosecuting him; or (3) that the California state court system is biased against Petitioner's federal claim. *See Middlesex*, 457 U.S. at 437; *Kugler v. Helfant*, 421 U.S. 117, 124-25 (1975); *Younger*, 401 U.S. at 46.

Here, Petitioner does not mention, let alone establish, whether an exception to *Younger* applies. First, the Petition contains no allegations that plausibly could be construed to raise issues of irreparable harm, bad faith, harassment, and/or state court bias against a federal claim. Second, even if liberally construed as an allegation of bad faith, Petitioner's claim that his public defender failed to appeal after he asked her to would not qualify as an exception to *Younger*. Petitioner must allege bad faith on the part of the prosecution. Third, Petitioner does not show

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV 16-03703-DMG (KS)                              Date: June 10, 2016

Title   *Anthony Romoan Collins v. People of the State of California*

that he has been irreparably harmed by waiting for his trial. Therefore, Petitioner's allegations do not merit this Court's intervention.

Accordingly, **Petitioner is ORDERED TO SHOW CAUSE on or before July 11, 2016**, why the Court should not abstain from entertaining the Petition under *Younger*. If Petitioner fails to file a First Amended Petition on or before the July 11, 2016 deadline and show cause for continuing this action, the Court will recommend dismissal without prejudice based on abstention. Specifically, Petitioner must include sufficient factual allegations in any First Amended Petition to permit a plausible inference that Petitioner satisfies one of the three exceptions to the *Younger* doctrine: great and immediate irreparable harm; bad faith or harassment; or bias.

If Petitioner no longer wishes to pursue this action, he may voluntarily dismiss it by filing a signed document entitled "Notice of Voluntary Dismissal" in accordance with Federal Rule of Civil Procedure 41(a)(1).

**Petitioner's failure to comply with this Order and show cause for entertaining the Petition will result in a recommendation to dismiss the Petition.**

IT IS SO ORDERED.

:
**Initials of Preparer**   rhw